1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   SmartReply, Inc.,                           CASE NO. 2:10-cv-01606-MJP

11                       Plaintiff,              ORDER ON MOTION FOR
                                                 PROTECTIVE ORDER
12           v.

13   Hartford Casualty Insurance Company, et
     al.,

14
                         Defendant.
15

16           The above-entitled Court, having received and reviewed the parties' CR 37 Joint

17   Submission on Plaintiff's Motion for Protective Order (Dkt. No. 32) and all attached declarations

18   and exhibits, makes the following ruling:

19           IT IS ORDERED that the motion is GRANTED as to the discovery requests of

20   Defendant Axis Surplus Insurance Company.

21           IT IS FURTHER ORDERED that the motion is DENIED as to the discovery requests of

22   Defendant Hartford Casualty Insurance Company, with the exception of RFA No. 5, for which

23   the Court GRANTS Plaintiff's request for a protective order.

24

ORDER ON MOTION FOR PROTECTIVE
ORDER- 1

**Background**

Plaintiff SmartReply was sued for violating rights of privacy and violating federal and Washington statutes in the course of making telephone calls to customers of The Talbots and Payless Shoesource. *See* Cubbage v. The Talbots, Inc., et. al., Case No. 2-09-cv-00911-RSM (W.D. Wash.); Clark, et al. v. Payless Shoesource, Inc., et al., Case No. 2:09-cv-00915-JCC (W.D. Wash.). SmartReply was insured by Defendants Hartford Casualty Insurance Company (Hartford) and Axis Surplus Insurance Company (Axis), but Hartford refused to defend under its Commercial General Liability policy and Axis refused to defend under its Professional Liability policy. (Dkt. No. 32 at 1.)[1]

On November 23, 2010, SmartReply moved for summary judgment on both insurers' duty to defend. After that, Hartford and Axis requested discovery on what SmartReply describes as "the merits of SmartReply's [motions for summary judgment]." Id.

Upon review it is apparent that the discovery requests from each Defendant are quite different. Axis's interrogatories target the correspondence between SmartReply and three of its clients (two of whom are now suing SmartReply). Id., pp. 6-8. Hartford's discovery request consists of: (1) five Requests for Admission (RFA's) related to choice of law issues (Plaintiff's principal place of business, that it has no place of business in Washington, that the Hartford policies were purchased in California, etc.) and (2) Requests for Production (RFP's) for all documents wherever Plaintiff has denied the RFA. Id., pp. 8-9. For the first four RFA's, Plaintiff has indicated it will respond (although not what its response will be).

The parties agreed to stay the pending summary judgment motion to await a ruling on this issue.

---

[1] All citations are to the CR 37 Joint Submission unless otherwise noted.

**Discussion**

A.    Standard

The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court should determine "good cause" by balancing the needs for discovery against the need for confidentiality. Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 678 (9th Cir. 2009) (citing Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

B.    Analysis

On the surface of their briefing, all the parties seem to agree on a central issue: that there is no conflict of laws issue, therefore no "choice of law" decision for the Court to make.  In the absence of a choice of law provision in the policies and the absence of a conflict of law between the competing forums (California and Washington, in this case), the law of the forum (Washington) applies.  In actuality, it is apparent that there are different issues for each defendant, and the "conflict/choice of law" issue affects each defendant differently.

Axis is apparently going to base its "no duty to defend" argument on the allegation that SmartReply made its request for defense outside of the coverage period in which the claims against it arose.  Axis's Intro Statement, p. 5.   Axis's discovery requests are aimed at uncovering the correspondence between Plaintiff and its clients (the companies who are now suing it), and there appears to be no reason to discover the material except to substantiate its theory regarding when the claims arose.

However, there is case law in both forums which clearly holds that extrinsic evidence is not discoverable to defeat summary judgment motions in "duty to defend" cases – the defendant must restrict its arguments to the language of the policy and the allegations of the complaint.

1   Truck Ins. Exchange v. Vanport Homes, Inc., 147 Wn.2d 751, 760 (2002); Haskel,Inc. v.

2   Superior Court, 33 Cal.App.4th 963, 977-78 (1995).  To this extent, there is no "conflict of laws"

3   issue and hence no choice of law issue.  Axis is not entitled to what it seeks under this case law

4   and Plaintiff is entitled to its protective order as regards Axis's requests.

5         Hartford, on the other hand, states that (1) it agrees there is no conflict/choice of law

6   issue but (2) Plaintiff has raised just such an issue in its summary judgment motion and Hartford

7   is entitled to inquire as to the basis for any potential argument that there is a choice of law issue

8   to be decided and which forum's law should prevail.  Hartford Intro Statement, pp. 3-4.

9         SmartReply argues that there is no conflict of laws or choice of law issue, but its

10  summary judgment briefing belies that argument.  In its summary judgment opening brief,

11  Plaintiff attempts to distinguish a recent California case (State Farm Gen. Ins. Co. v. JT's

12  Frames, Inc. 181 Cal.App.4th 429 (2010)) which is not favorable to its position.  Dkt. No. 21,

13  Pltf. Mtn., p. 16.  On that basis, Hartford argues that it is entitled to explore the evidence which

14  is relevant to what it views as an impending choice of laws dispute— e.g., the fact that Plaintiff

15  is not a Washington business, that the contracts were executed in California, etc.  This

16  information does not go to the merits of the case but to the procedural choice of law question,

17  and on that basis the Court finds that Hartford's discovery request is outside the prohibition

18  against discovering extrinsic evidence.  Plaintiff will not receive a protective order regarding

19  these requests.

20        However, as a final matter, the Court agrees with Plaintiff that it should not be required to

21  admit or deny Hartford's RFA No. 5 ("Admit that, to the extent that there is any conflict between

22  California law and Washington law with regard to legal rules and principles relevant to the

23  parties' claims, counterclaims and defenses, California law applies and controls.").  This calls for

24

ORDER ON MOTION FOR PROTECTIVE
ORDER- 4

1  an ultimate legal conclusion which is the sole province of the Court to determine.  Plaintiff will

2  not be required to respond to that RFA.

3       **Conclusion**

4       Plaintiff will be granted its protective order as regards the discovery requests submitted

5  by Axis and as to Hartford's RFA No. 5.  The remainder of the motion for protective order is

6  denied.

7       Within 5 days of receipt of this order, Plaintiff is directed to re-note its summary

8  judgment motion.  The parties are directed to submit a revised briefing schedule which permits

9  Plaintiff sufficient time to respond to Hartford's permissible discovery requests and all parties

10 adequate time to properly prepare their responsive briefing.

11

12      The clerk is ordered to provide copies of this order to all counsel.

13      Dated February 3, 2011.

14

15

16      Marsha J. Pechman

17      United States District Judge

18

19

20

21

22

23

24

ORDER ON MOTION FOR PROTECTIVE
ORDER- 5